IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | : | |
| PETITIONER | : | |
| VS. | : | **NO. 5:09-CV-306 (HL)** |
| LIEUTENANT BRUCE CHAPMAN and GDOC COMM'R BRIAN OWENS, | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 BEFORE THE U. S. MAGISTRATE JUDGE |
| RESPONDENTS | : | **ORDER and RECOMMENDATION** |

In this federal habeas corpus petition transferred from the United States District Court for the Southern District of Georgia, petitioner **ALLEN ALPHONZO ADAMS**, attempts to challenge two separate convictions in the Superior Court of Putnam County. Petitioner also seeks leave to proceed *in forma pauperis*. As it appears he is unable to pay the cost of commencing this action, petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

## *DISCUSSION*

### A. *1992 Putnam County Conviction*

The instant case represents the third time petitioner has attacked this same 1992 Putnam County conviction. ***Adams v. Smith***, 5:03-cv-128 (WDO) ("***Adams I***"), and ***Adams v. Walker***, 5:8-cv-123 (CAR) ("***Adams II***"). In both cases, the Court found the petitions to be untimely and dismissed them with prejudice.

Petitioner's petition, which was received by the Southern District on August 25, 2009, remains plainly time-barred. Furthermore, dismissal of a section 2254 petition for untimeliness constitutes an adjudication on the merits and renders future petitions "second or successive." ***See, e.g., Murray v. Greiner***, 394 F.3d 78, 81 (2d Cir. 2005). Before a second or successive section 2254 petition is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Because it does not appear that petitioner has applied to the Eleventh Circuit Court of Appeals for permission to file a successive habeas petition attacking his **1992** conviction, this Court lacks jurisdiction to consider petitioner's request for relief. It is therefore **RECOMMENDED** that the instant petition be **DISMISSED** as to petitioner's challenge to his **1992** conviction.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served a copy of this order.

### B.  2007 Putnam County Conviction

The Court notes that petitioner has filed one previous federal habeas corpus petition challenging his **2007** Putnam County conviction. *See Adams II*. That petition was denied based upon petitioner's failure to exhaust his state court remedies. *Id.* (*see* order dated March 23, 2009). It is not clear from petitioner's submissions whether he has since exhausted his state court remedies with respect to his **2007** Putnam County conviction.

Because petitioner is proceeding *pro se*, the Court will give him an opportunity to explain whether he has made any attempt to raise his claims **with respect to his 2007 Putnam County conviction** in a habeas corpus action in a [state] superior court. In drafting his supplement, petitioner shall state:

(1) the exact date on which he filed any habeas corpus actions;

(2) the case number(s) of any such actions;

(3) the disposition of any habeas actions by the superior court; and

(4) whether petitioner appealed any adverse disposition, and the result on appeal.

Petitioner shall be as specific as possible and should not attempt to mislead this Court.

If petitioner has not exhausted his state court remedies, his case challenging his **2007** conviction will be dismissed as his federal habeas corpus action is premature. If petitioner knows he has not exhausted his claims in state court, he may wish to voluntarily dismiss his petition in this Court until he has fully done so. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (exhaustion of claims is generally required before habeas petitioners can raise those claims in federal court).

Petitioner shall have until **September 25, 2009** to answer the above questions. Failure to comply with this Order will result in the dismissal of petitioner's application.

There shall be **NO SERVICE OF PROCESS** in this case until further order of the Court.

**SO ORDERED**, this 9th day of SEPTEMBER, 2009.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE