IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ALLEN ALPHONZO ADAMS,

            Petitioner

VS.

BRUCE CHATMAN, WARDEN,

            Respondent

NO. 5:09-CV-306 (HL)

**PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE**

# RECOMMENDATION

On August 12, 2009, petitioner Allen Alphonzo Adams executed the instant petition seeking federal habeas corpus relief. Tab #1. After being served with this action, the respondent filed a response (Tab #24) and a motion seeking dismissal of the petition contending that it was, *inter alia*, untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2244(d) (Tab #25). Petitioner Adams was ordered to respond to the motion seeking dismissal on or before February 3, 2010. Tab #28. The petitioner timely filed responses (Tab #30 and Tab #33) to which the respondent replied (Tab #39 and Tab #40). The motion seeking dismissal is now ripe for review.

## LEGAL STANDARDS

The relevant provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

    *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

**FACTUAL AND PROCEDURAL HISTORY**

On March 22, 2006, petitioner Adams was charged, via Putnam County, Georgia accusation number 2006-CR-122, with obstruction of an officer, a violation of the Georgia Controlled Substances Act (possession of cocaine), a seat belt violation, failure to use turn signal, and an open container violation. On February 21, 2007, pursuant to a negotiated plea bargain, he pled guilty to count two, violation of the Georgia Controlled Substances Act; he was sentenced to seven (7) years on probation to run consecutively to any existing sentence and was banished from Putnam County, Georgia. Petitioner Adams did not timely pursue any appeal from this guilty plea.

On November 19, 2007, approximately ten (10) months later, the petitioner filed a motion seeking a reduced/modified sentence. The trial court denied this motion in an order filed on December 19, 2007. The petitioner did not timely file a notice of or application for discretionary appeal of this order.[1]

On April 9, 2008, petitioner Adams executed a **federal** habeas action challenging the above mentioned 2007 guilty plea conviction. *See Adams v. Walker*, No. 5:08-CV-00123-CAR (M.D. Ga. March 23, 2009). Therein, he also sought to challenge his 1992 Putnam County, Georgia conviction and sentence. This petition was subsequently dismissed as untimely and/or unexhausted.

On August 12, 2009, as noted above, petitioner Adams executed the instant petition seeking **federal** habeas corpus relief. Once again, the petitioner initially sought to challenge both his 1992 and 2007 convictions. After an initial review, the undersigned recommended dismissal of the portions of the petition seeking to challenge to the petitioner's 1992 convictions and sentences. The district judge adopted this recommendation (Tab #14) and, thereafter, the undersigned ordered service upon the respondent (Tab #15). The respondent answered and separately filed the motion seeking dismissal currently under review. In his motion seeking dismissal, the respondent avers that the instant petition is untimely filed and that the grounds alleged therein are either unexhausted or are insufficient to state claims upon which habeas corpus relief may be granted.

---

[1] On February 8, 2008, the petitioner filed an untimely application for discretionary appeal in the Georgia Court of Appeals. *Adams v. State*, No. A08D0228 (Ga. App. Feb. 28, 2008). His application was dismissed as such on February 28, 2008. His subsequent request for reconsideration, which he filed on March 1, 2008, was also dismissed in an order dated March 21, 2008. Because only properly (i.e. timely) filed state collateral attacks will toll the AEDPA's period of limitations, the petitioner's attempts described above are not pertinent to the instant analysis.

**DISCUSSION**

Upon a review of the positions of the petitioner and respondent herein, the undersigned finds the respondent's arguments regarding the timeliness of the instant petition persuasive. In support of this conclusion, the undersigned makes the following observations; (1) petitioner Adams' 2007 guilty plea conviction became final on or about March 23, 2007— the date following the expiration of the thirty (30) day period during which the petitioner could have filed a notice of appeal in accordance with O.C.G.A. § 5-6-38; (2) the petitioner had one (1) year (until March 23, 2008) to properly file a state collateral attack or **federal** habeas petition; and, (3) he did neither. Additionally, and to the extent that the petitioner argues that this petition should proceed based upon his assertions of actual innocence/miscarriage of justice, the undersigned finds that these claims are entirely unsupported and therefore unavailing.

**CONCLUSION**

In view of the above, further consideration of the other arguments articulated by the respondent in support of his request for dismissal is unnecessary. Accordingly, the respondent's motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 3rd day of MAY, 2010.



          CLAUDE W. HICKS, JR.
          UNITED STATES MAGISTRATE JUDGE